IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS WATSON,

     Plaintiff,

                                        CASE NO.:

-vs-

CITIGROUP INC. D/B/A
CITIBANK N.A.,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, THOMAS WATSON, by and through her undersigned counsel, sues the Defendant, CITIGROUP INC. D/B/A CITIBANK N.A., and in support thereof respectfully alleges the following:

1.     Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## **INTRODUCTION**

2.     The TCPA was enacted to prevent companies like CITIGROUP INC. D/B/A CITIBANK N.A. from invading American citizen's privacy and prevent abusive "robo-calls."

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." _Osorio v. State Farm Bank, F.S.B._, 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal


## JURISDICTION AND VENUE

6.      This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).  See _Mims v. Arrow Fin. Servs., LLC_, 132 S.Ct. 740, 748 (2012) and _Osorio v. State Farm Bank, F.S.B._, 746 F.3d 1242, 1249 (11th Cir. 2014).

9.      Venue is proper in this District because the Plaintiff resides in this District (Collier County), the phone calls were received in this District, and the Defendant transacts business in Collier County, Florida.

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Collier County, Florida, and resides in this District.

11.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12.     Plaintiff is an "alleged debtor."

13.     Plaintiff is the "called party." See _Soppet v. Enhanced Recovery Co., LLC_, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14.     Defendant is a "debt collector" as defined by Florida Statute §559.55(6).   Defendant sought to collect a debt from Plaintiff.

15.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16.     Defendant is corporation with a principal place of business and/or office for transacting its business located at 399 Park Ave., New York, NY 10022.

17.     Defendant has a registered agent in Florida: CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

18.     The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Collier County, Florida, by the Defendant's placing of illegal calls to Collier County, Florida.

19.     Defendant knowingly and/or willfully harassed and abused Plaintiff on a constant basis by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately

3

June 4, 2015, through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that some, if not all of the voice-message recordings he received on his cell phone were pre-recorded.

21.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (517) ***-1040, and was the called party and recipient of Defendant's autodialer calls.

22.     The autodialer calls from Defendant came from the telephone numbers including but not limited to 816-420-4632, and when those number is called, an automated voice answers and identifies itself as "Citi Credit."

23.     After receiving numerous autodialer calls since June, 2015 to his cellular telephone number from Defendant, Plaintiff spoke to a representative of Defendant on June 17, 2015 and said "Don't call me anymore."

24.     Despite Plaintiff informing Defendant to stop calling, on June 17, 2015 the Defendant's autodialer calls to Plaintiff's cellular phone continued. Due to the volume of calls received from Defendant, Plaintiff was unable to catalogue every single call, however below is a small sampling of said calls:

      1)  June 18, 2015 at 12:43 pm from 816-420-4632

      2)  June 18, 2015 at 6:43 pm from 816-420-4632

3) June 19, 2015 at 9:37 am from 816-420-4632

4) June 19, 2015 at 11:09 am from 816-420-4632

5) June 19, 2015 at 2:24 pm from 816-420-4632

6) June 20, 2015 at 11:52 am from 816-420-4632

7) June 20, 2015 at 1:33 pm from 816-420-4632

8) June 21, 2015 at 9:00 am from 816-420-4632

9) June 21, 2015 at 11:37 am from 816-420-4632

10) June 21, 2015 at 3:22 pm from 816-420-4632

11) June 22, 2015 at 12:55 pm from 816-420-4632

12) June 22, 2015 at 3:56 pm from 816-420-4632

13) June 23, 2015 at 9:47 am from 816-420-4632

14) June 23, 2015 at 12:48 pm from 816-420-4632

15) June 23, 2015 at 8:35 pm from 816-420-4632

16) June 24, 2015 at 9:39 am from 816-420-4632

17) June 24, 2015 at 12:52 pm from 816-420-4632

18) June 24, 2015 at 8:39 pm from 816-420-4632

19) June 25, 2015 at 12:40 pm from 816-420-4632

20) June 25, 2015 at 6:55 pm from 816-420-4632

21) June 26, 2015 at 10:35 am from 816-420-4632

22) June 26, 2015 at 1:45 pm from 816-420-4632

23) June 27, 2015 at 9:35 am from 816-420-4632

24) June 27, 2015 at 11:14 am from 816-420-4632

25) June 27, 2015 at 12:45 pm from 816-420-4632

26) June 28, 2015 at 9:02 am from 816-420-4632

27) June 28, 2015 at 10:33 am from 816-420-4632

28) June 28, 2015 at 12:14 pm from 816-420-4632

29) June 28, 2015 at 1:55 pm from 816-420-4632

30) June 29, 2015 at 10:32 am from 816-420-4632

31) June 29, 2015 at 1:39 pm from 816-420-4632

32) June 30, 2015 at 12:25 pm from 816-420-4632

33) June 30, 2015 at 6:27 pm from 816-420-4632

34) July 1, 2015 at 9:14 am from 816-420-4632

35) July 1, 2015 at 12:41 pm from 816-420-4632

36) July 1, 2015 at 6:43 pm from 816-420-4632

37) July 2, 2015 at 9:03 am from 816-420-4632

38) July 2, 2015 at 12:14 pm from 816-420-4632

39) July 2, 2015 at 6:20 pm from 816-420-4632

40) July 3, 2015 at 10:34 am from 816-420-4632

41) July 3, 2015 at 1:43 pm from 816-420-4632

42) July 5, 2015 at 10:57 am from 816-420-4632

43) July 5, 2015 at 12:28 pm from 816-420-4632

44) July 5, 2015 at 1:59 pm from 816-420-4632

45) July 6, 2015 at 11:43 am from 816-420-4632

46) July 6, 2015 at 3:12 pm from 816-420-4632

47) July 6, 2015 at 4:42 pm from 816-420-4632

48) July 18, 2015 at 10:20 am from 816-420-4632

49) July 18, 2015 at 12:25 pm from 816-420-4632

50) July 18, 2015 at 4:31 pm from 816-420-4632

51) July 19, 2015 at 9:53 am from 816-420-4632

52) July 19, 2015 at 1:49 pm from 816-420-4632

53) July 19, 2015 at 4:48 pm from 816-420-4632

54) July 19, 2015 at 6:50 pm from 816-420-4632

55) July 20, 2015 at 1:26 pm from 816-420-4632

56) July 20, 2015 at 3:27 pm from 816-420-4632

57) July 20, 2015 at 5:28 pm from 816-420-4632

58) July 21, 2015 at 10:50 am from 816-420-4632

59) July 21, 2015 at 3:51 pm from 816-420-4632

60) July 22, 2015 at 8:03 am from 816-420-4632

61) July 22, 2015 at 10:34 am from 816-420-4632

62) July 22, 2015 at 6:48 pm from 816-420-4632

63) July 23, 2015 at 10:36 am from 816-420-4632

64) July 23, 2015 at 1:09 pm from 816-420-4632

65) July 23, 2015 at 3:40 pm from 816-420-4632

66) July 23, 2015 at 6:16 pm from 816-420-4632

67) July 24, 2015 at 12:27 pm from 816-420-4632

68) July 24, 2015 at 2:28 pm from 816-420-4632

69) July 24, 2015 at 4:29 pm from 816-420-4632

70) July 25, 2015 at 9:42 am from 816-420-4632

71) July 25, 2015 at 11:56 am from 816-420-4632

72) July 25, 2015 at 1:56 pm from 816-420-4632

73) July 25, 2015 at 3:57 pm from 816-420-4632

74) July 25, 2015 at 5:58 pm from 816-420-4632

75) July 26, 2015 at 9:29 am from 816-420-4632

76) July 26, 2015 at 11:31 am from 816-420-4632

77) July 26, 2015 at 1:34 pm from 816-420-4632

78) July 26, 2015 at 3:36 pm from 816-420-4632

79) July 26, 2015 at 5:37 pm from 816-420-4632

80) July 27, 2015 at 8:36 am from 816-420-4632

81) July 29, 2015 at 6:45 pm from 816-420-4632

25.     The autodialer calls from Defendant continued, at times, three (3) times a day from June, 2015 through the filing of this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

26.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

27.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond June, 2015, when Plaintiff first advised Defendant they had contacted the wrong person and to stop calling.

28.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

29.     Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

30.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31.     Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

32.     Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

33.     Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

34.     Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

35.      Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-four (34) above as if fully stated herein.

36.     None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37.     Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called in June, 2015.

38.     The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in June, 2015 when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact him.

39.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice after Plaintiff revoked consent, in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).


## COUNT II
### (Violation of the FCCPA)

40.     Plaintiff incorporates Paragraphs one (1) through thirty-nine (39)

41.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

42.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family. Defendant continued to call Plaintiff without Plaintiff's prior express consent and after Plaintiff informed Defendant to stop calling. Defendant called Plaintiff up to three times daily which is a frequency that can be reasonably expected to harass.

43.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.


**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CITIGROUP INC. D/B/A CITIBANK N.A., for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.


Respectfully submitted,

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 222-4725
Florida Bar #:  338620
Attorney for Plaintiff
TGomez@ForThePeople.com